IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-cv-00016-D

| | |
|---|---|
| STANLEY BRUCE BENSON,<br><br>Plaintiff,<br><br>vs.<br><br>PENDER COUNTY SHERIFF<br>ALAN W. CUTLER,<br><br>Defendant. | **CONSENT PROTECTIVE ORDER** |

THE PLAINTIFF and the Sheriff of Pender County, through their respective counsel of record, agree to the entry of this Consent Protective Order addressing the production, use and disclosure of certain confidential materials anticipated to be sought in discovery in this matter. The moving parties, by and through counsel, show unto the Court as follows:

A.     Plaintiff seeks to obtain records and law enforcement agency recordings maintained by the Pender County Sheriff's Office related to the death of the plaintiff's dog, as detailed in the Complaint. Said records may not be, or are not, considered public records, and thus may be protected from disclosure by N.C. Gen. Stat. § 132.1-4. Said recordings are not considered public records, and thus are protected from disclosure by N.C. Gen. Stat. § 132.1-4A, and may not be released without a court order. Said records also may contain personnel information, which is considered confidential under N.C. Gen. Stat. § 153A-98, and may not be released without a court order.

1

B.  As a result of the above, the parties seek an order of this Court so as to be in compliance with the statutes covering otherwise protected or confidential materials and ensure that said materials are not disclosed outside this proceeding. The parties consent to the entry of this Protective Order.

With the consent of the parties, IT IS HEREBY ORDERED THAT:

1.  The Pender County Sheriff's Office is authorized to disclose certain discoverable information pursuant to this Order if requested by any party for discovery in this case. This includes criminal investigation records, personnel records, and law enforcement agency recordings.

2.  Criminal investigation records include those things described in N.C. Gen. Stat. § 132-1.4(b)(1), including but not limited to incident reports, witness statements, investigator's notes, photographs, and other such records used in an investigation. However, the definition does not include audio or visual recordings

3.  Law enforcement agency recordings include those things described in N.C. Gen. Stat. § 132-1.4A(a), including but not limited to the three body-worn camera recordings of the incident described in Plaintiff's Complaint.

4.  Personnel information includes information which concerns or relates to an individual's application, selection or non-selection, promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions and termination of employment wherever located and in whatever form. This information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) audio or video recordings, and (d) any other similar documents.

5. Any such information obtained in this action which is asserted by the Sheriff of Pender County to contain or constitute confidential information shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or a comparable notice. An electronic watermark shall be sufficient to meet this requirement. If any party objects to the designation of any information as confidential, counsel for the objecting party and counsel for the designating party shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting party may move the court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation.

6. In the absence of written permission from the Pender County Sheriff or his designee, or by order of the Court, any confidential information obtained in accordance with the provisions of this Order shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) counsel to this action, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (v) the parties and mediator; (vi) insurers of the parties to this action; and (vii) witnesses as necessary to prepare for trial or testimony in this action. Any confidential information shall be used solely for the purpose of this original action and in preparation for trial.

7. Before Confidential Information is disclosed to any person described in Paragraph 6(iv) of this Order, counsel for the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the

3

purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A. Counsel for the party disclosing the Confidential Information to said person shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the parties or upon order of the court.

8. In the case of deposition testimony, any party may designate information disclosed during a deposition as General Confidential Information by either (i) identifying on the record at the deposition the information that is to be treated as Confidential Information; or (ii) marking the portions of the deposition transcript to be designated as Confidential Information within 21 days after receipt of the transcript. If any deposition testimony or any document or information used during the course of a deposition is designated as Confidential Information, each page of the deposition transcript containing such information shall be labeled with "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**" or a comparable notice. The first page of the deposition transcript also shall be labeled in a manner that makes it readily apparent that the transcript contains Confidential Information.

9. Before filing Confidential Information with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so-designated about how it should be filed. If the party that produced the Confidential Information desires that the materials be filed under seal, then the filing party shall provisionally file the materials under seal in accordance with the Electronic Case Filing Administrative Policies and Procedures Manual, Section V.G and Local Civil Rule 79.2, with notice served upon the producing party. The producing party shall have seven days after said notice to file a motion to seal and a supporting memorandum of law specifying (i) the exact

4

document or item, or portions thereof, for which filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion. The filing party also must set out findings supporting these specifications in a proposed order to seal. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a motion to seal, then the materials will be deemed unsealed without need for order of the Court.

10. If any party wishes, or is ordered by the Court, to send hard copies of the materials identified as Confidential Information as well as transcripts or things wherein the materials or the contents of the materials designated as Confidential Information are identified, discussed, or disclosed, said hard copies shall be filed or otherwise deposited with the Clerk of this Court under seal in a sealed envelope bearing the following designation: **"CONFIDENTIAL: THE CONTENTS OF THIS ENVELOPE ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND SHALL NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF THIS COURT OR AN ATTORNEY IN THIS CASE."** Any party that disputes

5

the filing of certain materials as Confidential Information may file a motion and notice a hearing on the matter.

11. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for each receiving party.

12. Following the conclusion of this action, including any appeals, a party that produced Confidential Information may request in writing its return by any other party. Within 60 days after service of such a request, any party that received the Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the Court or a motion for relief from this Paragraph is pending. If a receiving party elects to destroy the Confidential Information rather than returning it to the producing party, counsel for the receiving party shall provide to the producing party by the 60-day deadline a signed certification that the Confidential Information has been destroyed. This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order.

13. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate any potential objection to the production of any documents under the Federal Rules of Civil Procedure or the admissibility under the Federal Rules of Evidence of any information subject to this Order.

14. This Order is entered without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek further orders from the Court regarding the additional disclosure of, or restriction of, confidential information.

SO ORDERED, this the 10th day of August, 2021.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

**CONSENTED TO BY:**

/s/ Brandon C. Pettijohn
Email: brandon@coastallegalcounsel.com
N.C. Bar No. 54954
205 N 5th Ave
Wilmington, NC 28401
*Attorney for the Plaintiff*

/s/ Aaron D. Lindquist
Email: aaron@coastallegalcounsel.com
N.C. Bar No. 49347
205 N 5th Ave
Wilmington, NC 28401
*Attorney for the Plaintiff*

/s/ Christopher J. Geis
Email: Chris.Geis@wbd-us.com
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
*Attorney for Defendant*

/s/ Thomas M. Wilmoth
Email: Tom.Wilmoth@wbd-us.com
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
*Attorney for Defendant*

# EXHIBIT A

## UNDERTAKING TO BE BOUND

I, _____ declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order (the "Protective Order") dated _____ ____, 2021 in the matter of *Stanley Bruce Benson v. Pender County Sheriff Alan W. Cutler*, Case No. 7:21-cv-00016-D, and agree that I: (1) will comply with and be bound by its provisions with respect to any information provided to me under the terms of this Protective Order; (2) will not reveal any information provided to me under the terms of this Protective Order to anyone other than such persons designated in this Protective Order; and (3) will utilize such confidential information solely for purposes of this litigation. I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____     _____
Signature                                                                Dated

_____
Printed or Typed Name

_____
Address

_____
Position